UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  5:20-cv-01527-JVS-MAA                                                      Date:  August 11, 2020

Title:   Hoadena Ingram v. Habeas Corpus

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**            Order re: Filing of Petition

On July 30, 2020, the Court received and filed Petitioner Hoadena Ingram's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ("Petition," ECF No. 1.)  The Petition alleges one ground for federal habeas relief.  Petitioner challenges a 2013 sentencing enhancement that was based on prior convictions obtained by guilty plea.  (*Id.*, at 2–3.)  He relies on a 2019 state legislative enactment, California Assembly Bill No. 1618, which renders void as against public policy certain guilty plea agreements that include a waiver of the right to raise claims based on future changes in the law.  (*Id.* at 3–5.)

The Petition suffers from certain procedural defects that must be resolved before Petitioner may proceed with this action.  These defects are listed below.  The Court **ORDERS** Petitioner to respond to the following issues by no later than **October 13, 2020**.

### Second or Successive Petition

The Petition appears to be an unauthorized second or successive petition challenging this conviction.  If so, then the Petition is subject to summary dismissal for lack of jurisdiction.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

28 U.S.C. § 2244(b) limits habeas petitioners from asserting certain claims in a second or successive petition without leave from a United States Court of Appeals.  As articulated by the United States Supreme Court:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-01527-JVS-MAA                                             Date:  August 11, 2020

Title:     Hoadena Ingram v. Habeas Corpus

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529–530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656–657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152–53 (2007).  District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions.  *Id.* at 153; *see also* 28 U.S.C. § 2244(b)(2); *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016).

In 2013, Petitioner was convicted of failing to inform local law enforcement authorities of his change of residence, as a registered sex offender, in violation of California Penal Code section 290.[1] (*See* Petition, at 2.)  He was sentenced to twenty-five years to life in prison.  (*Id.*)  In 2015, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising several claims challenging his 2013 sentence.  Pet., *Ingram v. Arnold*, No. 5:15-cv-02084-JVS-AJW ("*Ingram I*") (C.D. Cal. Oct. 9, 2015), ECF No. 1.  The District Court rejected Petitioner's claims on the merits

---

[1] The Court takes judicial notice of Petitioner's prior federal habeas case relating to this conviction and sentence.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-01527-JVS-MAA                                                Date:  August 11, 2020

Title:      Hoadena Ingram v. Habeas Corpus

and dismissed the petition with prejudice.  Report & Recommendation ("R&R"), *Ingram I* (C.D. Cal. May 25, 2016), ECF No. 10; Order Accepting R&R, *Ingram I* (C.D. Cal. June 23, 2016), ECF No. 14; Judgment, *Ingram I* (C.D. Cal. June 23, 2016), ECF No. 15.  The District Court denied a certificate of appealability.  Order Denying Certificate of Appealability, *Ingram I* (C.D. Cal. June 23, 2016), ECF No. 13.  Petitioner did not move for a certificate of appealability in the United States Court of Appeals for the Ninth Circuit.

The Petition appears to be an unauthorized second or successive petition.  Petitioner's prior petition for writ of habeas corpus, which was predicated on the same 2013 criminal judgment, was dismissed on the merits.  Accordingly, a subsequent petition challenging the same judgment constitutes a "second or successive" habeas petition relative to the *Ingram I* petition.  Because the instant Petition is predicated on the same conviction and sentence challenged in the *Ingram I* petition, the Petition appears to be second or successive relative to the *Ingram I* action.

Even if Petitioner could demonstrate that he qualifies for an exception to the bar on successive petitions, he must have obtained permission from the Ninth Circuit before bringing the claims in the instant Petition.  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).  Petitioner has not shown that he sought or obtained authorization to file the instant Petition with any United States Court of Appeals.  (*See generally* Petition.)  The Court's independent search of the Ninth Circuit Court of Appeals' dockets using the electronic PACER case locator function indicates Petitioner neither sought nor obtained such authorization.

Accordingly, this district court appears to lack jurisdiction to entertain the Petition, and summary dismissal is appropriate.

Out of consideration for Petitioner's *pro se* status, the Court will permit Petitioner an opportunity to respond before issuing a recommendation that the Petition be summarily dismissed.

Petitioner is **ORDERED** to show cause in writing by no later than **October 13, 2020** why this Court should not recommend dismissal of the Petition as an unauthorized second or successive petition.  Petitioner may satisfy this Order to Show Cause by filing a written response containing one or more of the following: (1) an admission that Petitioner challenges the same judgment of conviction he challenged in the *Ingram I* petition; (2) information identifying a judgment of conviction the Petition challenges that is different from the judgment of conviction Petitioner challenged in the *Ingram I* petition; (3) information showing Petitioner sought and received leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-01527-JVS-MAA                                      Date:  August 11, 2020

Title:        Hoadena Ingram v. Habeas Corpus

from the United States Court of Appeals for the Ninth Circuit to file a second or successive petition in this Court (including, but not limited to, the Ninth Circuit's decision on his application for leave to file a second or successive petition); or (4) a response arguing why the Petition is not subject to the bar on second or successive petitions.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a).  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner is expressly cautioned that failure to respond to this Order by October 13, 2020 will result in a recommendation that the Petition be summarily dismissed as an unauthorized second or successive petition, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

**Personal Jurisdiction**

The proper respondent in a state habeas action is the "state officer having custody" of the petitioner.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citation and quotation marks omitted).  "This person typically is the warden of the facility in which the petitioner is incarcerated."  *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name the correct custodian as a respondent may deprive the court of personal jurisdiction over the petition.  *See id.*

Petitioner named "Habeas Corpus" as the sole respondent to his Petition.  (Petition, at 1.)  Habeas Corpus is not the proper respondent to this action.  Petitioner is **ORDERED** to file a response to this Order identifying by name the proper respondent—the warden of Correctional Training Facility (commonly referred to as Soledad State Prison), the institution in which Petitioner is incarcerated (*see id.*, at 2)—by no later than **October 13, 2020**.  The response may take the form of either a Notice or an Amended Petition naming the proper respondent.  Failure to file such a response will result in the Court's recommendation that the action be dismissed for lack of personal jurisdiction over the Petition.

**Petitioner is expressly cautioned that failure to respond to this Order by October 13, 2020 will result in a recommendation that the Petition be dismissed without prejudice for lack**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-01527-JVS-MAA                                       Date:  August 11, 2020

Title:     Hoadena Ingram v. Habeas Corpus

**of personal jurisdiction, and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

### No Filing Fee or Request to Proceed *In Forma Pauperis*

      Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a habeas petition be accompanied by the applicable filing fee or a request for leave to proceed *in forma pauperis* including a certificate from an authorized officer of the petitioner's institution showing the amount of money or securities in the petitioner's institutional account.  Here, Petitioner failed to pay the required $5 filing fee.  Petitioner also has not submitted a request to proceed *in forma pauperis* or supporting documentation.

      Petitioner is **ORDERED** to submit, by no later than **October 13, 2020**, either (1) the filing fee of $5 or (2) a completed request to proceed *in forma pauperis* with the required supporting documentation.  A form Declaration in Support of Request to Proceed *In Forma Pauperis* is attached to this Order.

      **Petitioner is expressly cautioned that failure to respond to this Order by October 13, 2020 will result in a recommendation that the Petition be dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**  *See, e.g.*, *Young v. United States*, 465 F. App'x 597, 598 (9th Cir. 2012) (affirming dismissal of habeas petition for failure to pay filing fee or submit complete request to proceed *in forma pauperis*); *Culler v. Bd. of Prison Terms*, 405 F. App'x 263, 264 (9th Cir. 2010) (same).

*  *  *

      It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Form CV-69, pp. 10-11 (Declaration in Support of Request to Proceed *In Forma Pauperis*)