UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No.: | 5:20-cv-01527-JVS-MAA | Date: February 8, 2021 |
| Title: | Hoadena Ingram v. Habeas Corpus | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** **Order *Sua Sponte* Extending Petitioner's Deadline to Respond to Order to Show Cause Why the Petition Should Not Be Dismissed for Failure to Prosecute (ECF No. 4)**

## BACKGROUND

On July 30, 2020, the Court received and filed Petitioner Hoadena Ingram's ("Petitioner") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Section 2254") ("Petition"). (Pet., ECF No. 1.) The Petition alleges one ground for federal habeas relief. Petitioner challenges a 2013 sentencing enhancement that was based on prior convictions obtained by guilty plea. (*Id.* at 2–3.) He relies on a 2019 state legislative enactment, California Assembly Bill No. 1618, which renders void as against public policy certain guilty plea agreements that include a waiver of the right to raise claims based on future changes in the law. (*Id.* at 3–5.)

On August 11, 2020, the Court issued an Order identifying several procedural defects with the Petition and ordering Petitioner file a response no later than October 13, 2020 ("August 11 Order"). (Aug. 11, 2020 Or., ECF No. 3.) Specifically, the Court ordered Petitioner to do the following: (1) show cause why the Petition should not be summarily dismissed as an unauthorized second or successive Section 2254 petition (*id.* at 1–4); (2) name the warden of his institution as a proper respondent, or otherwise show cause why the Petition should not be summarily dismissed for lack of personal jurisdiction (*id.* at 4–5); and (3) pay the $5 filing fee or file a request to proceed *in forma pauperis* with supporting documentation (*id.* at 5). The Court cautioned Petitioner that failure to file a response regarding each of these issues by October 13, 2020 would result in a recommendation that the Petition be dismissed for failure to prosecute and to comply with a court order. (*Id.* at 4–5.) Petitioner did not respond to the August 11 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-cv-01527-JVS-MAA                                          Date:  February 8, 2021

Title:     Hoadena Ingram v. Habeas Corpus


On November 6, 2020, the Court issued an Order to Show Cause ("OSC") directing Petitioner to show cause why the Petition should not be summarily dismissed for failure to prosecute and failure to comply with a court order.  (Nov. 6, 2020 OSC, ECF No. 4.)

On November 30, 2020, the Court received a letter from Petitioner dated November 16, 2020 and addressed to Magistrate Judge Audero ("Letter").  (Letter, ECF No. 5.)  However, Petitioner's letter was stricken from the docket and returned to Petitioner pursuant to Central District of California Local Rule 83-2.5.  (ECF No. 6.)

To date, Petitioner has not filed another response to the Court's August 11 Order or its November 6 OSC.

**DISCUSSION**

Pursuant to Central District of California Local Rule 83-2.5, "parties to any action or proceeding shall refrain from writing letters to the judge . . . . All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules."  C.D. Cal. L.R. 83-2.5.  Petitioner's Letter was stricken from the docket because it violated this Local Rule.  (ECF No. 6.)   However, in light of the timing of Petitioner's Letter with respect to the Court's November 6 OSC and the fact that Petitioner has not yet filed a response to the November 6 OSC, the Court now questions whether Petitioner intended the Letter to be his response to the November 6 OSC.  In recognition of Petitioner's *pro se* status, the Court will give Petitioner an additional opportunity to respond to the November 6 OSC.  Accordingly, the Court hereby *sua sponte* extends the deadline for Petitioner to respond to the November 6 OSC.  Petitioner may label this filing as "Response to Order to Show Cause."  Petitioner must file such response by no later than **March 10, 2021.**

**Petitioner's failure to file a response will result in a recommendation that this action be dismissed for failure to prosecute and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

It is so ordered.