UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOADENA INGRAM,<br><br>      Petitioner,<br><br>   v.<br><br>HABEAS CORPUS,<br><br>      Respondent. | Case No. 5:20-cv-01527-JVS-MAA<br><br>**ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE** |

I.   INTRODUCTION AND BACKGROUND

On July 30, 2020, the Court received and filed Petitioner Hoadena Ingram's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Pet., ECF No. 1.) Petitioner challenges a 2013 sentencing enhancement that was based on prior convictions obtained by guilty plea. (*Id.* at 2–3.)[1] He relies on a 2019 state legislative enactment, California Assembly Bill No. 1618, which renders void as against public policy certain guilty plea agreements that include a waiver of the right to raise claims based on future changes in the law. (*Id.* at 3–5.)

---

[1] Pinpoint citations of filings in this Order refer to the page numbers appearing in the ECF-generated headers.

On August 11, 2020, the Court issued an Order identifying several procedural defects with the Petition and ordering Petitioner file a response no later than October 13, 2020 ("August 11 Order"). (Aug. 11, 2020 Or., ECF No. 3.) Specifically, the Court ordered Petitioner to do the following: (1) to show cause why the Petition should not be summarily dismissed as an unauthorized second or successive Section 2254 petition (*id.* at 1–4); (2) to name the warden of Petitioner's institution of confinement as a proper respondent, or otherwise show cause why the Petition should not be summarily dismissed for lack of personal jurisdiction (*id.* at 4–5); and (3) to pay the $5 filing fee or file a request to proceed *in forma pauperis* with supporting documentation (*id.* at 5). The Court cautioned Petitioner that failure to file a response regarding each of these issues by October 13, 2020 would result in a recommendation that the Petition be dismissed for failure to prosecute and to comply with a court order. (*Id.* at 4–5.) Petitioner did not file a response to this Order.

On November 6, 2020, the Court issued an Order directing Petitioner to show cause why the Petition should not be summarily dismissed for failure to prosecute and failure to comply with a court order ("November 6 Order"). (Nov. 6, 2020 Or., ECF No. 4.) The Court again warned Petitioner that the Petition would be dismissed for failure to prosecute and to comply with court orders if Petitioner did not respond by December 7, 2020. (*Id.* at 2.)

On November 30, 2020, the Court received a letter from Petitioner dated November 16, 2020 and addressed to Magistrate Judge Audero. (ECF No. 5.) However, pursuant to Central District of California Local Rule 83-2.5, "parties to any action or proceeding shall refrain from writing letters to the judge . . . . All matters must be called to a judge's attention by appropriate application or motion filed in compliance with these Local Rules." C.D. Cal. L.R. 83-2.5. Accordingly, Petitioner's letter was stricken from the docket and returned to Petitioner. (ECF No. 6.)

On February 8, 2021, in the absence of any further response from Petitoner, the Court issued another Order directing Petitioner to show cause why the Petition should not be summarily dismissed for failure to prosecute and failure to comply with a court order ("February 8 Order"). (Feb. 8, 2021 Or., ECF No. 7.) The Court explicitly warned Petitioner that his failure to file a response by March 10, 2021, would result in dismissal of the Petition for failure to prosecute and to comply with court orders. (*Id.* at 2.)

To date, Petitioner has not filed a response to the Court's February 8 Order.

## II.   ANALYSIS

### A.   Legal Standard

District courts may dismiss cases *sua sponte* for failure to prosecute or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that federal district courts have "inherent power" to dismiss cases *sua sponte* for lack of prosecution). Dismissal, however, "is a harsh penalty and is to be imposed only in extreme circumstances." *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)). "A Rule 41(b) dismissal must be supported by a showing of unreasonable delay." *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (internal quotation marks omitted).

Before dismissing an action for failure to prosecute or for failure to comply with a court order, a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."

3

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

### B. The Factors Support Dismissal.
#### 1. The Public's Interest in Expeditious Resolution and the Court's Need to Manage its Docket

The first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—generally are considered together. *See Prods. Liab. Litig.*, 460 F.3d at 1227; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1452 (9th Cir. 1994) (The first two factors are usually reviewed together "to determine if there is an unreasonable delay.").

Here, these factors weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *Prods. Liab. Litig.*, 460 F.3d at 1227. Thus, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

To date, Petitioner has not filed a response to the Court's August 11, November 6, or February 8 Orders that complies with this District's Local Rules. The Court concludes that Petitioner's failure to comply with these Court orders and failure to prosecute the lawsuit constitute unreasonable delay. *See Thomas v.*

*Maricopa Cnty. Jail*, 265 Fed. App'x 606, 607 (9th Cir. 2008) (Mem.) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance and inaction also interfere with the public's interest in the expeditious resolution of this litigation and hinder the Court's ability to manage its docket. *See Prods. Liab. Litig.*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994))). For these reasons, the first and second factors favor dismissal.

### 2. Risk of Prejudice to Respondent

The third factor also supports dismissal without prejudice. The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action, even in cases such as this in which the respondent has not yet been ordered to respond to a habeas corpus petition. *See Pagtalunan*, 291 F.3d at 642. Petitioner has offered no reason for failing to file a response to the Court's August 11, November 6, and February 8 Orders. The absence of any reason indicates sufficient prejudice to Respondent. *See Yourish*, 191 F.3d at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (holding that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute").

### 3. Availability of Less Drastic Alternatives

The fourth factor also supports dismissal without prejudice. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Prods. Liab. Litig.*, 460 F.3d at 1229

5

(citing, inter alia, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1991) ("Moreover, our decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.")). Here, rather than dismissing the Petition when Petitioner failed to respond to the August 11 Order, the Court issued the November 6 Order, warning Petitioner that the Petition would be dismissed if he did not respond by December 7, 2020. (Nov. 6, 2020 Or. at 2.) Petitioner failed to file a response that complied with this District's Local Rules.

In an abundance of caution, the Court issued the February 8 Order, providing Petitioner with an additional opportunity to respond to the Court's Orders, and warning Petitioner that this action would be dismissed for failure to prosecute unless Petitioner filed a response by March 10, 2021. (Feb. 8, 2021 Or. at 2.) Petitioner did not file any response to this February 8 Order.

### 4. <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

The fifth factor weighs against dismissal. "We have often said that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *Prods. Liab. Litig.*, 460 F.3d at 1228 (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (citations omitted). Thus, this factor alone does not preclude dismissal.

### C.     **Dismissal of this Action is Appropriate.**

As discussed above, Petitioner's failure to comply with Court orders and failure to prosecute this action constitute unreasonable delay. In addition, four of the dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal. "While the public policy favoring disposition of cases on their

merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).

The Court concludes that dismissal of this action for failure to comply with Court orders and failure to prosecute is warranted. However, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal should be without prejudice.

## III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that (1) the Petition is **DISMISSED** for failure to comply with court orders and failure to prosecute, and (2) the Clerk is directed to enter judgment dismissing this action without prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court has considered whether a certificate of appealability is warranted. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED:  April 14, 2021

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

///
///

1  Presented by:

2

3

4  _____
   MARIA A. AUDERO
5  UNITED STATES MAGISTRATE JUDGE